*MATTHEW ACHESON ET AL. v. THE WESTERN RESERVE [117 BANK.

The court can not, upon a writ of error, notice a bill of exceptions that is not made part of the record.

THIS was a writ of error reserved in the county of Trumbull. The original action was assumpsit upon sundry indorsements. At the trial, the plaintiff in error objected to various points of testimony, in which they were overruled; but at the time of the trial, no bill of exceptions was presented, or put on file, as was maintained, on the part of the defendant in error.

SUTLIFF, for the plaintiff in error:

It is urged by defendants that the bill of exceptions, upon which reliance is placed for proof of many of the errors assigned, is no part of the record.

*What evidence of this fact* is there before the court? None, except that the certificate made by the clerk (who, by the by, is *one* of the defendants) precedes, rather than follows, the bill of exceptions.

Section 96 of the practice act, which gives to a party the right of preferring a bill of exceptions, on the trial of any cause in common pleas, makes it the duty of the judges concurring in the decision to which the exceptions are taken, "to sign and seal a bill, containing such exception or exceptions as heretofore, in order

that such bill of exceptions may, if such party desire it, be made a part of the record in such suit."

The question then arises, is there any evidence before this court that the bill of exceptions in question has been tendered, and signed and sealed in accordance with the requisition of this statute, and so as to entitle the party tendering the same to any benefit from the bill? The bill commences in the usual manner. It proceeds to relate all of the proceedings had on trial of the cause, in a summary manner, and the several exceptions taken by the party, and concludes in the usual words, "To all of which the defendants except, and the *court here sign* the defendant's bill of exceptions, *that the same may become part and parcel of the record.*"

The court have signed this bill, and its contents is the language of the court relative to the trial—as much so as a judgment, or any other official act of the court. The same was left in the hands of the clerk, and if not copied into the record book in a skillful or **118]** *proper manner, it nevertheless, being signed by the court, was then, and continues to be, part and parcel of the record. The whole of the objection to the bill of exceptions being regarded as strictly belonging to the record, is the fact that the clerk has not copied it in its proper place. The same objection might be urged to any part of the pleadings on record, if left out of their proper place by the clerk. When the bill was sealed and signed by the court, and deposited with the clerk and filed in his office, he had no right to omit inserting the same as a part of the record; for the court say, in signing the bill on the trial of the cause, "And the court *here sign this,* the defendant's bill of exceptions, *that the same may* become *part and parcel of the record.*"

All the proceedings had in a cause, which *belong* on the record, especially when signed by the court, and as they say in this case for the purpose of being made up in the record, are in fact parts of the record, and together constitute the records of the cause, although the same should remain in the files or journals, and never be formally copied into the record book. Judge Swift, in the first volume of his Digest, page 771, in speaking of bills of exceptions, says, "*When signed it is considered as part of the record in the cause.*"

In the present case, it appears from the bill that the errors were *assigned,* and that they were noted for the purpose of being made a part of the record, and that the same were duly signed by

Acheson et al. *v.* Western Reserve Bank.

the court and left with the clerk. The statute does not *require* any *order* of the court, or anything further from the party, in order to entitle him to the benefit of the bill of exceptions contemplated by the statute.

PEASE, for the defendant in error:

The errors assigned, and which will be relied on, are predicated upon a supposed bill of exceptions, which is appended to the copy of the record, but. which is no part of the record, nor ever was, nor is returned by the clerk as such, nor was it filed with the clerk until two or three months after the court. This being disposed of, I can discover no suspicion of error to answer unto.

The court will notice that the copy of the record was made out December 1, 1835, and the bill of exceptions was brought to the office probably in February following, when the last certificate was made, but was never regularly filed, and no order of *court that it should be made a part of the record, so informs [119 the clerk.

Judge WOOD delivered the opinion of the court:

We have examined the question raised, whether there is a bill of exceptions in this case, and our conclusion is that there is none. Attached to the record, and sent up with it, there is a separate paper, certified at the bottom by the clerk, as being the original bill of exceptions on file. This paper is signed by three of the judges ; when or where signed does not appear. It bears no date ; there is no certificate when it was taken, no evidence when it was filed ; there is no order of the court making it part of the record of the cause.

Our *practice act*, section 96, provides that in civil cases the bill of exceptions may be made part of the record, if the excepting party request it. The court have repeatedly ruled that if a party would avail himself, upon error, of exceptions taken, at the trial in the common pleas, he must cause such exceptions to be made part of the record. In Baldwin *v.* The State, 6 Ohio, 16, it was decided that no matter could be noticed, on error, which did not appear in the record so as to make part of it. In Hosmer *v.* Williams, Wright's C. 355, there was a bill of exceptions, as in this case, returned with the record, but the court held that it must be disregarded, because not made parcel of the record. In this case,

the court say, it has been repeatedly decided that if a party would
avail himself of a bill of exceptions he must have it recorded, as
required by the practice act.

In this view of the case there is nothing before us to examine
but the pleadings and judgment. Perceiving no error in these,
the judgment must be affirmed.

Judge HITCHCOCK, being a stockholder in the Western Reserve
Bank, did not sit in this case.